**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SUPERIOR PONTIAC BUICK GMC, INC., a Delaware corporation, d/b/a SUPERIOR NISSAN and WALTER J. SCHWARTZ,

        Plaintiffs,

v.

NISSAN NORTH AMERICA, INC., a California corporation,

        Defendant.
_____/

CASE NO. 08-10642

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL**

This matter came before the Court on Plaintiffs' Motion for New Trial on the ground that the presiding Judge should have recused herself pursuant to 28 U.S.C. § 455(a). The Court has reviewed the pleading and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(e)(1). For the reasons that follow, the motion is **DENIED**.

**I. BACKGROUND**

In their complaint, Plaintiffs Superior Pontiac Buick GMC, Inc. ("Superior) and Walter Schwartz (collectively "Superior") alleged that Defendant Nissan North America, Inc. ("Nissan") committed various illegal acts throughout the parties' relationship, including the termination of the parties' sales and service agreement.

Prior to the start of a bench trial, at a motion hearing in August 2011, Plaintiffs raised an issue regarding one of Defendant's experts, Mr. Walter. Plaintiffs' counsel indicated that Walter, who was retired, testified regularly on behalf of the manufacturer. Counsel added, "Urban Science apparently brought him out of retirement to get involved

in this case." (Doc. No. 91, Ex. 1, p. 2). The mention of Urban Science caught the presiding Judge's attention, and after verifying that the company was located in the Renaissance Center, the presiding Judge informed the parties that she believed her cousin, worked at Urban Science. (Id.)

> I should disclose to you that I have a cousin who works in international something or other at Urban Science. I don't know if that makes any difference to anybody, and I don't know who [referring to Mr. Walter] you are talking about.

(Id.) Plaintiffs responded by asking whether the cousin was on the witness list. After the Judge indicated she had no reason to think so, Plaintiff's counsel explicitly stated, "We have no objection." (Id.)

After Plaintiffs waived any objection to the presiding Judge's continued involvement, she identified the individual and assured the parties that no discussion about the litigation had occurred.

> [H]is name is Tallerico, and I have not heard any discussion about him coming to my court and I'm sure I would have. In fact, it would probably be that he doesn't have any idea that whoever your witness is coming to this Court because I just saw him and I'm sure he would have made some offhand remark, and he did not.

(Doc. No. 91, Ex. 1 at p.3). Defendant then waived any objection. In response, the presiding Judge assured the parties: "I can guarantee you it wouldn't make any difference. I don't have any idea even what he does, but go ahead." (Id.) At that point, Plaintiffs continued their argument on the motion.

At trial, Nissan presented the testimony of another of its retained expert, Sharif Farhat, a Vice President of Urban Science. At the conclusion of a bench trial, the Court entered its Findings of Fact and Conclusions of Law and awarded judgment to Defendant.

2

According to Plaintiffs, they discovered after the Court issued its opinion that the Judge's cousin, Randall Tallerico, also is a Vice President of Urban Science. Based on Tallerico and Farhat's shared employment relationship, Plaintiffs suggest that a reasonable person might question the Judge's impartiality, given the "reputation and business success of Urban Science depend largely on legal validation of its methods and conclusions." (Doc. No. 91 at ¶ 10).

## II. STANDARD OF REVIEW

Under the governing statute, a judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(e), when the ground for disqualification is that her impartiality might reasonably be questioned, "waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e).

## III. ANALYSIS

Pursuant to § 455(a), a judge must recuse herself "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993) (quotation omitted). The statute was enacted "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988). Consequently, "[w]here the question is close, the judge must recuse [her]self." Dandy, 998 F.2d at 1349. Nevertheless, litigants may waive disqualification under § 455(a) following full disclosure. 28 U.S.C. § 455(e); Union Planters Bank v. L & J Dev. Co., Inc., 115 F.3d 378, 383 (6th Cir. 1997)

For Plaintiffs to succeed, they must overcome their waiver, which was placed on the record in advance of trial. Plaintiffs assert that they did not waive recusal under § 455(e) because the Judge did not make the full disclosure required by statute. In support of their position, Plaintiffs contend that they did not know the nature of Tallerico's economic interest in the profitability of Urban Science, that he was one of only seven vice presidents at Urban Science, that it is more likely than not that he serviced the Nissan account at Urban Science in some capacity, and that he was aware of Farhat's participation in the trial. (Doc. No. 91, Ex. 4, at ¶¶ 6-9). According to Plaintiffs' counsel, John Kaplansky, had he known that Tallerico was a Vice President at Urban Science, he would have requested recusal. (Id. at ¶ 10).

To the extent that the Court relied on Farhat's testimony in deciding the outcome, the Court observes that Plaintiffs were well informed as to the identity of Defendant's expert and his place of employment before trial. Plaintiffs focus on their contention that the presiding Judge never revealed that Tallerico was a Vice President at Urban Science, who, perhaps, stood to gain personally because of the enhanced reputation that accompanied Defendant's success in this case. The Court rejects this argument.

A waiver if effective where the judge discloses information that is sufficient to put counsel on notice of the basis upon which the judge's impartiality may be questioned. United States v. Conforte, 624 F.2d 869, 878-83 (9th Cir. 1980). The Court complied with this standard. Moreover, Plaintiffs have cited no case in which a judge disclosed all the information known and kept nothing hidden and later was deemed to have made less than full disclosure. Compare Potashnick v. Port City Const. Co., 609 F.2d 1101, 1115 (5th

4

Cir. 1996) (finding that the judge's failure to reveal his close relationship with the plaintiff's counsel and that plaintiff's counsel represented the judge in unrelated matters, despite revealing his prior association with the firm representing the plaintiff, did not constitute full disclosure); Barksdate v. Emerick, 853 F.2d 1359, 1361-62 (6th Cir. 1988) (finding no waiver occurred because waiver was not on the record and the parties disputed what information had been disclosed); Hall v. Small Business Administration, 695 F.2d 175, 180 (5th Cir. 1983) (finding no waiver because the judge revealed only that the law clerk was a member of the plaintiff class and failed to disclose that his law clerk had previously worked for the defendant, but resigned after experiencing sexual discrimination, and that the law clerk accepted future employment with law firm representing the plaintiff class).

Here, the parties were informed about the presiding Judge's familial relationship as well as her cousin's employment. Plaintiffs waived any objection to proceeding.

Even if Plaintiffs had not waived the potential basis for recusal, their motion for a new trial fails. First, as noted in Liteky v. United States, 510 U.S. 540, 549 (1993) (quoting Ex parte American Steel Barrel Co., 230 U.S. 35, 44 (1913)), "the recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made,. . .but to prevent his future action in the pending cause.' " Without question, the relationship of first cousins does not call for mandatory recusal. See 28 U.S.C. § 455(b)(5) (under the Table of Consanguinity, a first cousin is related in the Fourth Degree, which is not a prohibited relationship). Consequently, Plaintiffs must show under 28 U.S.C. § 455(a), that a reasonable person, knowing all the circumstances, would harbor doubts

5

about the judge's impartiality. Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir. 1982). The type of speculation engaged in by Plaintiffs in their motion simply does not suffice to establish a reasonable basis for disqualification. See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (citation omitted) (noting that "rumor, speculation, beliefs, conclusion, innuendo, suspicion, opinion, and similar non-factual matters" do not satisfy § 455(a)). Given the attenuated relationship not only between the presiding Judge and her relative, but between the relative and the litigation, there is no support for Plaintiffs' assertion. Compare Roberts v. Bailar, 625 F.2d 125 (6th Cir. 1980) (fact that the judge personally knew defendant and expressed ardent sentiments about his character created need to avoid the appearance of impartiality). Specifically, the relevant and uncontested facts are: (1) Urban Science is *not* a party to this case; (2) Tallerico was not a witness in this matter; (3) Tallerico is not a relative for which automatic disqualification was required.

    Accordingly, in applying this standard, the Court finds that a reasonable person, knowing and understanding all of the relevant facts, would not conclude that the Judge's impartiality might reasonably be questioned. See In re Placid, 1544 Oil Co., 802 F.2d at 787 ("A remote, contingent, and speculative interest. . .does [not] create a situation in which a judge's impartiality might reasonably be questioned."). Finally, the Court heeds the warning articulated in McCann v. Communications Design Corp., 775 F. Supp. 1535, 1543-44 (D. Conn. 1991): "If the courts were to accept Plaintiffs' theory as a basis for recusal, the list of opportunities for groundless recusal is endless." This motion appears to be a last ditch effort to delay the impact of the Court's decision on the merits. See id.

at 1544-45.  In sum, not only did Plaintiffs waive any objection under § 455(e), there was no basis for disqualification under § 455(a).

## IV.  CONCLUSION

For the reasons stated, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

Date: May 24, 2012

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                              s/Bernadette M. Thebolt
                                              Case Manager